IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN P. McNERNEY,<br><br>    Plaintiff,<br><br>v.<br><br>FROST CUTLERY, et al.,<br><br>    Defendants.<br>_____ / | No. C 11-03940 JSW<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND TO REMAND** |

Now before the Court is the motion for leave to amend and to remand filed by Plaintiff Sean P. McNerney ("Plaintiff"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 16, 2011 is VACATED. Having carefully reviewed the parties' papers and considered the relevant legal authority, the Court hereby GRANTS Plaintiff's motion for leave to amend and to remand this action.

**BACKGROUND**

Plaintiff brings this suit to recover from injuries he incurred while using a knife on June 17, 2009. Plaintiff originally filed this action on April 22, 2011 in Alameda County Superior Court. On August 10, 2011, defendants Frost Cutlery Company, LLC ("Frost Cutlery") and Ace Hardware Corporation ("Ace Hardware") removed the action to this Court based on diversity jurisdiction. Less than a month later, on September 9, 2011, Plaintiff initially filed his

motion for leave to amend his complaint to add a non-diverse defendant and to remand this action back to state court.

Plaintiff's counsel declares that he made it clear to the claims adjuster for Frost Cutlery in December of 2010 that he believed the damages and settlement value of this action "could be well into the six figures." (Declaration of Stephen M. Fuerch, ¶ 3.)

Plaintiff seeks to add as a defendant the store where he purchased the subject knife, Vine Hill Hardware d/b/a Bill's Ace Hardware ("Vine Hill'). The addition of Vine Hill as a defendant would destroy diversity jurisdiction.

Plaintiff now moves to remand this action on the grounds that if the Court permits his amendment, the Court no longer has subject matter jurisdiction over this matter, and on the grounds that Frost Cutlery and Ace Hardware's removal was untimely.

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

**A.** **Applicable Legal Standards.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See*, *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

In order to remove on the basis of diversity jurisdiction, the action may be removed only if no defendant is a citizen of the same state as any plaintiff and "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is

2

1 brought." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. 1332(a)(1). Pursuant to 28 U.S.C. § 1446,
2 "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days, by the
3 receipt of the Defendant, through service or otherwise, of a copy of the initial pleading setting
4 forth the claim for relief...." The thirty-day period for filing a notice of removal is triggered
5 when the defendant first receives formal service of process. *Murphy Bros., Inc. v. Michetti Pipe*
6 *Stringing, Inc.*, 526 U.S. 344, 354-56 (1999). However, in a diversity case, if the initial
7 pleadings do not indicate that federal diversity jurisdiction is available, the removal period does
8 not begin until additional papers are filed indicating that the case is removable. *See* 28 U.S.C. §
9 1446(b) (providing that the removal period starts to run when the defendant receives a "paper
10 from which it may first be ascertained that the case is ... removable.").

11 Pursuant to 28 U.S.C. § 1447(e), a court has discretion to permit joinder of a party that
12 will destroy diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th
13 Cir. 1998). Courts generally consider the following factors in determining whether joinder is
14 proper: "(1) whether the party sought to be joined is needed for just adjudication and would be
15 joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would
16 preclude an original action against the new defendants in state court; (3) whether there has been
17 unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal
18 jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether
19 denial of joinder will prejudice the plaintiff." *See IBC Aviation Services, Inc. v. Compania*
20 *Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations
21 omitted).

22 **B.     Plaintiff's Motion For Leave to Amend.**

23 Plaintiff seeks to add Vine Hill as a defendant. The addition of Vine Hill would destroy
24 diversity. However, the Court finds that Plaintiff did not unduly delay in moving to add Vine
25 Hill. Plaintiff's counsel states that before the notice of removal was filed on August 10, 2011,
26 he had assumed that the store where Plaintiff purchased the knife was an Ace Hardware store.
27 Upon discovery that the store is owned and operated by an independent entity, Plaintiff
28 promptly moved to amend his complaint. Moreover, if Plaintiff is denied the opportunity to add

1 Vine Hill as a defendant and have his claims against Vine Hill relate back to his initial
2 complaint, he would be precluded by the statute of limitations from bringing a separate action
3 against Vine Hill. Finally, the Court finds that Plaintiff's claims against Vine Hill appear valid
4 and it does not appear as though Plaintiff seeks to add Vine Hill solely to defeat federal
5 jurisdiction. Accordingly, the Court GRANTS Plaintiff's motion for leave to amend his
6 complaint to add Vine Hill as a defendant. Plaintiff's proposed amended complaint is
7 HEREBY DEEMED filed. With the addition of Vine Hill, diversity jurisdiction is destroyed.
8 Therefore, the Court GRANTS Plaintiff's motion to remand this action back to Alameda
9 County Superior Court.[1]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to amend and to remand this action. Accordingly, this case is remanded to the Superior Court for the County of Alameda. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 6, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court is remanding this action based on the joinder of a non-diverse defendant, the Court need not address Plaintiff's additional argument for remand that the removal was untimely.